# 14-349-cv(L)

## 14-404-cv(CON), 14-443-cv(CON), 14-663-cv(CON), 14-266

_____

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT
DISCOUNT ANTITRUST LITIGATION

------------------------------------------------------

Coborn's Incorporated, D'Agostino Supermarkets, National Restaurant
Association, Affiliated Foods Midwest, Jetro Holdings, Inc., Jetro Cash
& Carry Enterprises, LLC, National Cooperative Grocers Association,
National Association of Convenience Stores, National Community
Pharmacists Association, National Association of Truck Stop Operators,
National Grocers Association,

Plaintiffs,

*(For Continuation of Caption See Inside Cover)*

_____

On Appeal from the United States District Court
for the Eastern District of New York, No. 05-1720

_____

**BRIEF AND SPECIAL APPENDIX**
**OF APPELLANTS**

_____

John J. Pentz
19 Widow Rites Lane
Sudbury, MA  01776
Tel: (978) 261-5725
Fax: (978) 405-5161
jjpentz3@gmail.com

Robersons Fine Jewelry, Inc.,

Petitioner,

Plaintiffs in civil action Jetro Holding, Inc. et al v. Visa U.S.A., Inc. et al 05-cv-4520 JG-JO, Plaintiffs in civil action National Association of Convenience Stores et al v. Visa U.S.A., Inc. et al 05-cv-4521 JG-JO, Plaintiffs in civil action Supervalu Inc. v. Visa U.S.A. Inc. et al 05-cv-4650 JG-JO, Plaintiffs in civil action Publix Supermarkets, Inc. v. Visa U.S.A. Inc. et al 05-cv-4677 - JG-JO, Plaintiffs in civil action Seaway Gas & Petroleum, Inc. v. Visa U.S.A., Inc. et al 05-cv-4728-JG-JO, Plaintiffs in civil action Raley's v. Visa U.S.A. Inc. et al 05-cv- 4799 JG-JO, Plaintiffs in civil action East Goshen Pharmacy, Inc. v. Visa U.S.A., Inc. 05-cv-5073 JG-JO, Plaintiffs in civil action National Grocers Association et al v. Visa U.S.A., Inc. et al 05-cv- 5207 JG-JO, Plaintiffs in civil action American Booksellers Association v. Visa U.S.A., Inc. et al 05-cv-5319 JG-JO, Plaintiffs in civil action Rookies, Inc. v. Visa U.S.A., Inc. 05-CV-5069 JG-JO, Plaintiffs in civil action Jasperson v. Visa U.S.A., Inc. 05-cv-5070 JG-JO, Plaintiffs in Civil action Animal Land, Inc. v. Visa U.S.A., Inc 05-cv-5074 JG-JO, Plaintiffs in civil action Bonte Wafflerie, LLC v. Visa U.S.A., Inc. 05-cv-5083 JG-JO, Plaintiffs in civil action Broken Ground, Inc. v. Visa U.S.A., Inc. 05-cv-5082 JG-JO, Plaintiffs in civil action Baltimore Avenue Foods, LLC v. Visa U.S.A., Inc. 05-cv-5080 JG-JO, Plaintiffs in civil action Fairmont Orthopedics & Sports Medicine, PA v. Visa U.S.A., Inc. 05-cv-5076 JG JO, Plaintiffs in civil action Tabu Salon & Spa, Inc. v. Visa U.S.A., Inc. 05-cv-5072 JG-JO, Plaintiffs in civil action Lakeshore Interiors v. Visa U.S.A., Inc. 05-cv-5081JG JO, Plaintiffs in civil action Parkway Corp. v. Visa U.S.A., Inc. 05-cv-5077 JG-JO, Plaintiffs in civil action NuCity Publications, Inc. v. Visa U.S.A., Inc. 05-cv-5075 JG-JO, Plaintiffs in civil action Hyman v. VISA International Service Association, Inc. 05-cv-5866 JG-JO, Plaintiffs in civil action Lee et al v. Visa U.S.A. Inc. et al 05-cv-3800 JG-JO, Plaintiffs in civil action Resnick Amsterdam & Leshner P.C. v. Visa U.S.A., Inc. et al 05-cv-3924 JG-JO, Plaintiffs in civil action Hy-Vee, Inc. v. Visa U.S.A., Inc. et al 05-cv-3925-JG-JO, Plaintiffs in civil action Meijer, Inc. et al v. Visa U.S.A. Inc. et al 05-cv-4131-JG-JO, Plaintiffs in civil action Lepkowski v. Mastercard International Incorporated et al 05-cv-4974 JG-JO, Plaintiffs in civil actionPhotos Etc. Corp. v. Visa U.S.A., Inc. 05-cv-5071JG-JO, Plaintiffs in civil action Kroger Co. v. Visa U.S.A., Inc. 05-cv-5078 JG-JO, Plaintiffs in civil action Fitlife Health Systems of Arcadia, Inc. v. Mastercard International Incorporated et al 05-cv-5153 JG-JO, Plaintiffs in civil action Harris Stationers, Inc., et al. v. Visa International Service Association, et al. 05-cv-5868 JG-JO, Plaintiffs in civil action Dr. Roy Hyman, et al v. Visa International Service

Association, Inc., et al . 05-cv-5866 JG-JO, Plaintiffs in civil action
Performance Labs, Inc. v. American Express Travel Related Services
Co., Inc., et al. 05-cv-5869 JG-JO, Plaintiffs in civil action Discount
Optics, Inc., et al. v. Visa U.S.A., Inc., et al. 05-cv-5870 JG-JO,
Plaintiffs in civil action LDC, Inc. v. Visa U.S.A., Inc., et al 05-cv-5871
JG-JO, Plaintiffs in civil action Leeber Cohen, M.D. v. Visa U.S.A.,
Inc., et al. 05-cv-5878 JG-JO, Plaintiffs in civil action G.E.S. Bakery,
Inc. v. Visa U.S.A., Inc., et al. 05-cv-5879 JG-JO, Plaintiffs in civil
action Connecticut Food Association, Inc., et al. v. Visa U.S.A., Inc., et
al. 05-cv-5880 JG-JO, Plaintiffs in Twisted Spoke v. Visa U.S.A., Inc.,
et al. 05-cv-5881 JG-JO, Plaintiffs in civil action Lombardo Bros., Inc.
v. Visa U.S.A., Inc. 05-5882 JG-JO, Plaintiffs in civil action Abdallah
Bishara, etc. v. Visa U.S.A., Inc. 05-cv-5883 JG-JO, Plaintiffs in civil
action 518 Restaurant Corp. v. American Express Travel Related
Services Co., Inc., et al. 05-cv-5884 JG-JO, Plaintiffs in civil action
JGSA, Inc. v. Visa U.S.A., Inc., et al. 05-cv-5885 JG-JO, Plaintiffs in
civil action The Kroger Co., et al. v. MasterCard Inc., et al., 06-cv-0039
JG-JO, Plaintiffs in civil action Rite Aid Corporation et al. v. Visa
U.S.A., Inc. et al. 05-cv-5352 JG-JO, Plaintiffs in civil action Fringe,
Inc. v. Visa, U.S.A., Inc et al 05-cv-4194 JG-JO, Plaintiffs in civil
action Bi-Lo, LLC. et al v Visa U.S.A., Inc. et al 06-cv-2532 JG-JO,
Plaintiffs in civil action Bi-Lo, LLC. et al v. Mastercard Incorporated et
al 06-cv-2534 JG-JO, Plaintiffs in civil action 06-cv-5583, Esdacy, INC.
v. Visa USA, INC. et al, QVC, Inc., Payless Shoe Source, Inc., GMRI,
Inc., Capital Audio Electronics, Inc., NATSO, Inc., Plaintiffs in civil
action BKS. v. Visa U.S.A., Inc. et al 09-cv-2264-JG-JO, Plaintiffs in
civil action Gulfside Casino Partnership. v. Visa U.S.A., Inc. et al
09-cv-03225 JG-JO, Keith Superstores, BKS, INC., BKS of LA, Inc.
d/b/a KEITH SUPERSTORES, and KEITHCO PETROLEUM, INC.,
Keithco Petroleum, Inc., BKS, INC., BKS of LA, Inc. d/b/a KEITH
SUPERSTORES, and KEITHCO PETROLEUM, INC.,

Plaintiffs - Appellees,

v.

Unlimited Vacations and Cruises Inc., Jill Bishop DBA Hat & Gown,
Daviss Donuts and Deli, Top Gun Wrecker, and Orange County Building Materials,

Objectors - Appellants,

v.

Defendants in civil action Jetro Holding, Inc. et al v. Visa U.S.A., Inc. et
al 05-cv-4520 JG-JO, Defendants in civil actionNational Association of
Convenience Stores et al v. Visa U.S.A., Inc. et al 05-cv-4521 JG-JO,

iii

Defendants in civil action Supervalu Inc. v. Visa U.S.A. Inc. et al
05-cv-4650 JG-JO, Defendants in civil action Publix Supermarkets, Inc.
v. Visa U.S.A. Inc. et al 05-cv-4677-JG-JO, Defendants in civil action
Seaway Gas & Petroleum, Inc. v. Visa U.S.A., Inc. et al 05--cv-4728
JG-JO, Defendants in civil action Raley's v. Visa U.S.A. Inc. et al
05-cv-4799- JG-JO, Defendants in civil action East Goshen Pharmacy,
Inc. v. Visa U.S.A., Inc 05-cv-5073-JG-JO, Defendants iin civil action
National Grocers Association et al v. Visa U.S.A., Inc. et al 05-cv- 5207
JG -JO, Defendants in civil action American Booksellers Association v.
Visa U.S.A., Inc. et al 05-cv-5319 JG -JO, Defendants in civil action
Rookies, Inc. v. Visa U.S.A., Inc. 05-cv-5069-JG-JO, Defendants in
civil action Jasperson v. Visa U.S.A., Inc. 05-cv-5070-JG-JO,
Defendants in civil action Animal Land, Inc. v. Visa U.S.A., Inc.
05-cv-5074-JG-JO, Defendants in civil action Bonte Wafflerie, LLC v.
Visa U.S.A., Inc. 05-cv-5083 JG-JO, Defendants in civil action Broken
Ground, Inc. v. Visa U.S.A., Inc. 05-cv-5082 JG-JO, Defendants in civil
action Baltimore Avenue Foods, LLC v. Visa U.S.A., Inc. 05-cv-5080
JG-JO, Defendants in civil action Fairmont Orthopedics & Sports
Medicine, PA v. Visa U.S.A., Inc. 05-cv-5076-JG-JO, Defendants in
civil action Tabu Salon & Spa, Inc. v. Visa U.S.A., Inc. 05-cv-5072
-JG-JO, Defendants in civil action Lakeshore Interiors v. Visa U.S.A.,
Inc. 05-cv-5081 JG-JO, Defendants in civil action Parkway Corp. v.
Visa U.S.A., Inc. 05-cv-5077-JG-JO, Defendants in civil action NuCity
Publications, Inc. v. Visa U.S.A., Inc. 05-cv-5070-JG-JO, Defendants in
civil action Hyman v. VISA International Service Association, Inc.
05-cv-5866 JG -JO, Defendants in civil action Lee et al v. Visa U.S.A.
Inc. et al 05-cv-03800, Defendants in civil action Resnick Amsterdam &
Leshner P.C. v. Visa U.S A, Inc. et al, 05-cv-3924 JG-JO, Defendants
in civil action Hy-Vee, Inc. v. Visa U.S.A., Inc. et al 05-cv-03925
JG-JO, Defendants in civil action Meijer, Inc. et al v. Visa U.S.A. Inc.
et al 05-cv-4131 JG-JO, Defendants in civil action Lepkowski v.
Mastercard International Incorporated et al 05-cv-4974-JG-JO,
Defendants in civil action Photos Etc. Corp. v. Visa U.S.A., Inc.
05-cv-5071-JG-JO, Defendants in civil action Kroger Co. v. Visa
U.S.A., Inc. 05-cv-5078 JG-JO, Defendants in civil case Fitlife Health
Systems of Arcadia, Inc. v. Mastercard International Incorporated et a
05-cv-5153 JG -JO, Defendants in civil action Rite Aid Corporation et
al. v. Visa U.S.A., Inc. et al. 05-cv-5352 JG-JO, Defendants in civil
action The Kroger Co., et al. v. MasterCard Inc., et al., 06-cv-0039
JG-JO, Defendants in civil action Harris Stationers, Inc., et al. v. Visa
International Service Association, et al. 05-cv-5868 JG-JO, Defendants
in civil action Dr. Roy Hyman, et al. v. Visa International Service
Association, Inc., et al. 05-cv-5866, Defendants in civil action
Performace Labs, Inc. v. American Express Travel Related Services
Co., Inc., et al 05-cv-5869 JG-JO, Defendants in civil action Discount
Optics, Inc., et al. v. Visa U.S.A., Inc., et al. 05-cv-5870 JG-JO,

iv

Defendants in civil action LDC, Inc. v. Visa U.S.A., Inc. et al.
05-cv-5871 JG-JO, Defendants in civil action G.E.S. Bakery, Inc. v.
Visa U.S.A., Inc,. et al. 05-cv-5879 JG-JO, Defendants in civil action
Leeber Cohen, M.D. v. Visa U.S.A., Inc., et al. 05-cv-5878 JG-JO,
Defendants in civil action Connecticut Food Association, Inc., et al. v.
Visa U.S.A., Inc., et al 05-cv-5880 JG-JO, Defendants in civil action
Twisted Spoke v. Visa U.S.A., Inc., et al. 05-cv-5881 JG-JO,
Defendants in civil action Lombardo Bros., Inc. v. Visa U.S.A., Inc.
05-cv-5882 JG-JO, Defendants in civil action Abdallah Bishara, etc. v.
Visa U.S.A., Inc 05-cv-5883 JG-JO, Defendants in civil action 518
Restaurant Corp. v. American Express Travel Related Services Co., et
al. 05-cv-5884 JG-JO, Defendants in civil action JGSA, Inc. v. Visa
U.S.A., Inc., et al 05-cv-5885, Defendants in civil action Fringe, Inc. v.
Visa, U.S.A., Inc. et al 05-cv-4194 JG-JO, HSBC Bank USA, N.A.,
Capital One Bank, Capital One F S B, Capital One Financial
Corporation, Wells Fargo & Company, National City Bank of
Kentucky, National City Corporation, Juniper Financial Corporation,
Mastercard Incorporated, Mastercard International Incorporated, HSBC
Finance Corporation, HSBC North America Holdings, Inc, Citibank
N.A., Citicorp, Citigroup Inc, Defendants in civil action Bi-Lo, LLC. et
al v. Visa U.S.A., Inc. et al 06-cv-2532 JG-JO, Defendants in civil
action Bi-Lo, LLC. et al v. Visa U.S.A., Inc. et al 06-cv-2534 JG-JO,
Chase Bank USA, N.A., JP Morgan Chase & Co., Fifth Third Bancorp,
Bank of America, N.A., Visa International Service Association, Visa
U.S.A. Inc., Defendants in civil action 06-cv-5583, Esdacy, INC. v.
Visa USA, INC. et al, Bank of America Corporation, Texas Independent
Bancshares, Inc., First National Bank of Omaha, Barclays Financial
Corp., Washington Mutual, Inc., Chase Paymentech Solutions, LLC,
Defendants in civil action BKS. v. Visa U.S.A., Inc. et al
09-cv-2264-JG-JO, Wachovia Bank, NA., Wachovia Corporation,
Defendants in civil action Gulfside Casino Partnership. v. Visa U.S.A.,
Inc. et al 09-cv-03225 JG-JO, Landers Harley-Davidson Little Rock,
Sears Holdings Management Corporation, Discover, Barclays Bank
PLC, Barclays Bank Delaware, SunTrust Bank, Inc., Suntrust Bank,

Defendants - Appellees,

American Express, Mary Watson,

Intervenor,

Home Depot U.S.A., Inc., Target Corporation, Macys, Inc., J.C. Penney
Corporation, Inc., The Gap, Inc., Limited Brands, Inc., Dillard's, Inc.,
Big Lots Stores, Inc., Ascena Retail Group, Inc., The Neiman Marcus
Group, Inc., Abercrombie & Fitch Co., Saks Incorporated, Chicos FAS,
Inc., Bob Evans Farms, Inc., CKE Restaurants, Inc., Papa Johns

International, Inc., American Signature, Inc., Boscovs Department Store, LLC, National Retail Federation, American Booksellers Association, National Association of College Stores, DFS Services, LLC, Discover Home Loans, Inc., Discover Bank, Kohl's Corporation, The TJX Companies, Inc., Staples, Inc., Office Depot, Inc., PNS Stores, Inc., C.S. Ross Company, Closeout Distribution, Inc., OfficeMax Incorporated, BonTon Stores, Inc., Luxottica U.S. Holdings Corp., 7-Eleven, Academy, Ltd., Aldo US Inc., Alon USA Energy, Inc., Amazon.Com, Inc., American Eagle Outfitters, Inc., Barnes & Nobles, Inc, Barnes & Nobles College Booksellers, LLC, Best Buy Enterprise Services, Inc., BJ's Wholesale Club, Inc., Carter's, Inc., Costco Wholesale Corporation, Crate & Barrel Holdings, Inc., Darden Restaurants, Inc., David's Bridal, Inc., Dick's Sporting Goods, Inc., Family Dollar, Inc., Drury Hotels Company, LLC, Foot Locker, Inc., General Nutrition Corporation, Genesco Inc., The Gymboree Corporation, HMSHost Corporation, IKEA North America Services, LLC, J. Crew Group, Inc., Kwik Trip, Inc., Lowe's Companies, Inc., Marathon Petroleum Company LP, Martin's Super Markets, Inc., Michaels Stores, Inc., National Railroad Passenger Corporation (Amtrak), Nike, Inc., Panda Restaurant Group, Inc., Panera Bread, P.C. Richard & Son, Inc., Petco Animal Supplies, Inc., Petsmart, Inc., RaceTrac Petroleum, Inc., Recreational Equipment, Inc., Retail Industry Leaders Association, Roundy's Supermarkets, Inc., Sears Holdings Corporation, Speedway LLC, Starbucks Corporation, Stein Mart, Inc., Thermo Fisher Scientific Inc., WalMart Stores, Inc., The Wendy's Company, The Wet Seal, Inc., Whole Foods Market Group, Inc., Zappos.com, Inc., American Express Co., American Express Publishing Corp., American Express Travel Related Services Company, Inc., R&M Objectors, Daniel Hall, Blue Cross Blue Shield entities, WellPoint, Inc., First Data Corporation, First Data Merchant Services Corporation, TASQ Technology, Inc., TRS Recovery Services Inc., First Data Government Solutions, Telecheck Services Inc., Jon M. Zimmerman, The Iron Barley Restaurant, Falls Auto Gallery, DBA Falls Car Collection, Fiesta Restaurant Group, Inc., Consumer Union of United States, Inc., DBA Consumer Reports, Etc. Optical, Furniture Row BC, Inc., Furniture Row, LLC, Einstein Noah Restaurant Group, Inc.,

Objectors.

———————————————————————

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Appellants are all privately-held companies with no corporate parents or subsidiaries.

# **TABLE OF CONTENTS**

FED. R. APP. P. 26.1 CORPORATE DISCLOSURE STATEMENT...……vii

Table of Contents…………………………………...……………….viii

Table of Authorities.……………………………………………...……ix

Preliminary Statement....………………...……………….....…...……1

Jurisdictional Statement.................................................................1

Issues Presented.......…………………. ……………………....…...2

Statement of the Case...............................................................3

Statement of Facts.………………………………………….….3

Summary of Argument.………………………………………….....…3

Argument.……………………………………………...…5

    I.    The District Court Abused Its Discretion By
        Failing To Take Into Account The Negative Value
        Of The Release of Future Claims.................................................5

    II.    The District Court Abused Its Discretion In Awarding
        Class Counsel A Bonus Or Premium Over Their Lodestar
        Of $385 Million...........................................................6

    III.    The Arbitrary Graduated Scale Employed By The District Court
        Awards The Most Fees For The Easiest Billions.........................13

Conclusion.………………………………………….....…………16

Certificate of Compliance With Rule 32(A).…………..........……......………17

Certificate of Service....................................................18

Required Short Appendix.....................................................19

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Albany*,
493 F.3d 110 (2d Cir. 2007)....................................................................8

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000)..........5,6,8,12

*In re Cardinal Health Inc. Securities Litig.*,
528 F. Supp. 2d 752, (S.D. Ohio 2007)...............................................10

*In re Visa Check/Mastermoney Antitrust Litig.*,
297 F. Supp. 2d 503 (EDNY 2003)......................................................7,9

## PRELIMINARY STATEMENT

This is an appeal from the Memorandum and Order awarding attorneys' fees issued by Judge John Gleeson of the United States District Court for the Eastern District of New York on January 10, 2014 (SPA-160), and Final Judgment Awarding Attorneys' Fees entered on January 14, 2014 (SPA-201).  This decision is reported at 2014 U.S. Dist. LEXIS 3351.

## JURISDICTIONAL STATEMENT

Appellants hereby adopt and incorporate the jurisdictional statement contained in the brief filed in the lead merits appeal, No. 12-4671(L).

The Second Circuit Court of Appeals has jurisdiction over this appeal pursuant to 28 USC § 1291, as it arises from the final decision of a district court.  The Memorandum and Order Awarding Attorneys' Fees was entered on January 10, 2014, Required Short Appendix (SPA-160), and the Final Judgment Awarding Attorneys' Fees was entered on January 14, 2014 (SPA-201).  Appellants filed timely Notices of Appeal from that Order and Judgment on January 27, 2014 and January 31, 2014, respectively.  (RSA-3, RSA-4).

# ISSUES PRESENTED

1. Whether the district court abused its discretion by awarding Class Counsel $544.8 million in fees, or 9.56% of the cash settlement fund recovered for past damages, without adjusting that fund for the value of future claims released for no consideration?

2. Whether the district court abused its discretion by awarding Class Counsel a percentage fee that is 50% greater than the percentage awarded in a prior megafund settlement that was approximately half the size of the recovery here?

3. Whether the district court abused its discretion by awarding Class Counsel a fee that represents a $385 million premium over Class Counsel's $160 million lodestar?

4. Whether the district court abused its discretion by awarding Class Counsel fees according to a graduated schedule of marginal rates that had the result of awarding the highest amount of fees for Class Counsel's recovery of between $2 billion and $5.7 billion?

## STATEMENT OF THE CASE

Appellants adopt by reference the "Nature of Case, Course of Proceedings, and Disposition Below" section of the Brief filed by Appellants in Appeal No. 12-4671(L).

Appellants are class members who received written mailed notice of the proposed settlement and request for fees.  Appellants filed a timely written objection to the settlement and Class Counsel's fee request on May 28, 2013.  Appellants filed timely Notices of Appeal of the district court's Final Judgment Awarding Attorneys' Fees. RSA-3, RSA-4.

## STATEMENT OF FACTS

Appellants adopt by reference the Statement of Facts section of the Brief filed by Appellants in Appeal No. 12-4671(L).

## SUMMARY OF ARGUMENT

The district court awarded Class Counsel a fee of $544.8 million, which is $385 million more than the lodestar that Class Counsel claimed in this case.  The 9.56% awarded is 3% *higher* than the percentage awarded in a prior megafund settlement against the same defendants that settled for $3.38 billion.  The graduated schedule that the district court applied to the recovery had the perverse effect of awarding Class Counsel more for its recovery above $1 billion that for the recovery up to that threshold, contrary

3

to the megafund rule that dictates that fees should decline as recovery goes up. Especially in this megafund case, where any cash settlement clearly had to be in the multibillion dollar range in order to deliver any value at all to class members,[1] the difficult achievement was the establishment of a cash settlement component. Once that was achieved, the amount of the cash settlement was simply dictated by the size of the class.

In addition, the district court erred in not discounting the amount of the cash settlement fund, or $5.7 billion, by the value to the Defendants of the prospective release of future claims. As pointed out by the merits appellants in their brief, the value to Visa and Mastercard of the future release vastly outweighs the $5.7 billion that they are contributing toward the past claims. This means that the net value of this settlement to class members is negative, and that Class Counsel really is entitled to no fee at all, or at most a lodestar fee if surcharging can be considered a benefit to the class. Under no circumstances are Class Counsel entitled to a fee of 9.56% of the cash component of the settlement, without consideration of the enormous tradeoff of the class' future claims used to finance that cash settlement.

---

[1] Obviously, the settlement could not have been $1 billion or $2 billion, since that would not have been enough to make class member claims economically feasible, and the entire amount would have had to go to *cy pres*.

4

## **ARGUMENT**

**I.    The District Court Abused Its Discretion By Failing To Take Into Account The Negative Value of the Release Of Future Claims.**

A district court's fee award is reviewed for abuse of discretion.

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

This is a negative value settlement, as argued by the appellants in Appeal No. 12-4671(L).  In other words, the net value of the settlement's components to class members is less than zero, when the cash portion and injunctive portions of the settlement are considered together.  Class members would be better off with no settlement at all than they will be with a small cash reimbursement for the past ten years of claims, and a prospective future release of all of their future claims for the same conduct that gave rise to this action, as well as a host of additional claims for which no injunctive relief was obtained.  The value of the released future claims exceeds the $5.7 billion cash payment by a factor of ten or more.

Appellants adopt by reference Sections I and III of the Argument portion of the Appellants' Brief in Appeal No. 12-4671(L).

5

## II.    The District Court Abused Its Discretion In Awarding Class Counsel A Bonus or Premium Over Their Lodestar of $385 Million.

A district court's award of attorney's fees to class counsel is reviewed for abuse of discretion. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

At the outset of his fee opinion, Judge Gleeson was refreshingly candid in appealing to this Court for guidance in setting fee awards in cases of this magnitude.

> Even with the aid of the *Goldberger* factors, I have struggled to find a strong normative basis by which to evaluate the requested fee or to generate my own figure. The law sets only minimal constraints on fee awards. Within the boundaries of those constraints, it offers no concrete guideposts. And this case is so large and complex that it has few comparators to guide my judgment. More precise guidance would be useful, not so much for the district judges making the fee awards, who generally welcome broad discretion, but for the lawyers who do this kind of work.

2014 U.S. Dist. LEXIS 3351 at *103.

After lamenting the paucity of comparators, Judge Gleeson identified the closest comparator to the current case – "the Visa/MasterCard settlement I presided over ten years ago. In that case, I approved a fee award of about $220.3 million, about 6.5% of the value of the fund, for a multiplier of 3.5." *Id*. at *105. Since this case is almost twice as large as that prior Visa/MasterCard case, one would have expected that the percentage fee in

6

this case would have been smaller, not *larger*, than the 6.5% fee awarded there, consistent with the principle that, as a settlement becomes larger, the percentage awarded as fees decreases. Instead, however, it appears that the metric that Judge Gleeson focused most heavily upon was the lodestar multiplier. The 3.4 multiplier awarded in this case is almost identical to the 3.5 multiplier Judge Gleeson awarded in the prior case.[2]

There is absolutely no basis for a percentage fee in this case greater than the 6.5% that was awarded in the prior Visa/MasterCard case, *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503 (EDNY 2003). Indeed, that 6.5% precedent is the benchmark that Judge Gleeson lamented he did not have in approaching the fee in this case. The 6.5% prior award indeed constituted a ceiling on Judge Gleeson's discretion, and placed an upper limit on the fee that the district court could reasonably award in this case, provided that the risk in the two cases is comparable. All other things being equal, of course, the percentage awarded must decrease as the recovery goes up.

The district court properly noted the principle that windfalls to class counsel must be avoided, consistent with this Court's pronouncements in

---

[2] By targeting a multiplier rather than selecting a percentage that is reasonable in comparison to past awards, Judge Gleeson violated this Circuit's preference for the percentage of the fund method of calculating fees. *See Goldberger, supra*, 209 F.3d at 49.

*Goldberger , supra*, 209 F.3d at 49.  The district court then rhetorically asked "But what is a windfall?"  2014 U.S. Dist. LEXIS 3351 at *108.  While a precise working definition of the term "windfall" my prove difficult in this context, clearly an award of a $385 million bonus above and beyond class counsel's lodestar fits anyone's definition of a windfall.

In *In re Visa Check*, *supra,* the premium over class counsel's lodestar awarded by the district court was $150 million, in contrast to the $385 million awarded here.  At a certain point, there must be an upper limit to the bonus awarded to class counsel above and beyond their claimed lodestar.  Lodestar multipliers that are routinely approved in smaller cases where the lodestar is less than $100 million should not be considered reasonable in cases where the lodestar itself constitutes a megafund.

Perhaps a definition of "windfall" may be found in the case of *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Albany*, 493 F.3d 110 (2d Cir. 2007).  In *Arbor Hill*, a fee-shifting case, the Second Circuit emphasized that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," *id*. at 118, and that "the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively."  *Id*. at 112.  This proposition – that

8

a reasonable paying client wishes to pay the least amount necessary – is true whether the fees are paid by the defendant pursuant to a fee-shifting statute, or by the plaintiff class pursuant to the common fund doctrine. Minimization of attorney's fees is the goal of every client who has not been promised a share of the fees.

Before *Arbor Hill*, some district courts in the Second Circuit and elsewhere focused on the theoretical *upper limit* on attorney's fees, beyond which the fees would shock the conscience, violate the Rules of Professional Conduct, or otherwise be "absurd." *See, e.g., In re Visa Check/Mastermoney Antitrust Litig., 297 F. Supp. 2d at 522* (describing requested fee of $609 million, which was almost ten times hourly rate, as "absurd").

In light of *Arbor Hill*, however, it is clear that the procedure that a district court should follow in trying to ascertain a minimum reasonable fee has fundamentally changed.  Rather than starting with class counsel's requested amount of fees and working down from there, as the district court did here, a district court should instead start at the hours worked and move up incrementally until it arrives at a number that adequately compensates class counsel.

> [C]ases that employ the percentage approach arbitrarily tend to
> start their analysis with the attorney's request, rather than at an
> objective marker, such as the hours worked.  Instead of
> reasoning based on other case law or abstract ideas about a

reasonable fee, courts tend to anchor their analysis to the
percentage first requested by counsel.  This method of analysis
allows plaintiffs' counsel to set the baseline based on its biased
valuation of its work.

Without vigilance, this anchoring effect easily biases courts'
decisions.  Indeed, courts have shown a propensity to adjust the
requested amount by only a few percentage points, if at all…
This anchoring effect allows plaintiffs' counsel to manipulate
the fee award they are likely to receive by simply requesting a
higher percentage.  The Court wonders, for example, if the lead
Plaintiffs in *Royal Ahold* had asked for 20%, if the court would
have awarded them 15%.  By arbitrarily tethering the
reasonableness analysis to the fee requested, plaintiffs' counsel
arbitrarily gains excessive control over the court's
jurisprudence.

*In re Cardinal Health Inc. Securities Litig.*, 528 F. Supp. 2d 752, 762-63

(S.D. Ohio 2007).

The anchoring effect described in *Cardinal Health* was clearly at play

here and affected the district court's fee award.  Class Counsel requested

10% of the $5.7 billion settlement, or $570 million.  Judge Gleeson arrived

at a percentage that was just slightly lower than the 10% request, and a fee

award of $544.8 million rather than $570 million.  This gave the fee award

the appearance of moderation and reasonableness, simply because it was less

than the request, when in fact it represents an outrageous $385 million

windfall to class counsel.

Instead of beginning with Class Counsel's absurd fee request and

working down from there, the district court should have begun with a

percentage that is proportional to the 6.5% fee it awarded in Visa Check/ Mastermoney, and then adjusted that figure upward if necessary to avoid imposing a hardship on Class Counsel.

For example, a 4% fee award would be expected here if the principle that percentage awards decrease as recoveries increase is adhered to. A 4% fee award in this case would result in a fee of $228 million. If the district court felt that this fee would not adequately compensate Class Counsel for the risk of this case, and that the resulting lodestar mutliplier was not adequate, it could then have adjusted the percentage upwards to the point where Class Counsel is no longer suffering a hardship, and at the same time does not constitute a windfall to Class Counsel.

A 5% fee award would seem to adequately provide Class Counsel with a premium on its lodestar – of $125 million – and at the same time come in less than the percentage awarded in a prior case that was approximately half as large as this one. It would foster coherence in megafund cases, and honor the principle of moderation enshrined in this Circuit's caselaw.

The district court should have attempted to determine the point at which unjust enrichment of the class would occur. "The rationale for the [common fund] doctrine is an equitable one; it prevents unjust enrichment of

11

those benefitting from a lawsuit without contributing to its costs."
*Goldberger v. Integrated Resources , Inc.* , 209 F.3d 43, 47 (2d Cir.
2000)(*citing Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392(1970)).   A
common fund attorneys' fee award should be set at the lowest level that
eliminates unjust enrichment to the class beneficiaries, not at the upper
threshold of reasonableness.  To award hundreds of millions of dollars more
to the attorneys would result in *unjust enrichment of the attorneys* at their
clients' expense, a far greater concern than unjust enrichment of the class,
and something that was never contemplated by the common fund exception.

   Class Counsel failed to meet its burden of showing that a fee award of
5% of $5.7 billion, or $285 million (which still generates a premium over
lodestar of $125 million), is somehow unfair to them and an unjust windfall
to the Class.  In light of the fact that this settlement is almost twice as large
as the one in *In re Visa Check/ Mastermoney, supra,* one would expect the
percentage fee here to be *lower* than the one awarded there, based upon the
commonly accepted sliding scale approach acknowledged by Judge Gleeson
in his opinion.

   5% is only slightly less than what Judge Gleeson awarded in the last
billion-dollar megafund antitrust settlement in the Eastern District of New
York.  There, the district court awarded class counsel $150 million over their

lodestar, whereas, here, a 5% fee would amount to a $125 million bonus, and a lodestar multiplier of 1.78. Those numbers are far closer to the moderation required by *Goldberger* than the $385 million and 3.4 multiplier selected by Judge Gleeson.

### III. The Arbitrary Graduated Scale Employed By The District Court Awards The Most Fees For The Easiest Billions.

The arbitrariness of the district court's fee award is demonstrated by the graduated fee schedule that the court devised to show how it arrived at an overall fee of 9.56%. While the principle of a declining marginal fee percentage is well supported by caselaw and legal scholarship, the numbers selected by Judge Gleeson do not make sense above $1 billion, and are clearly far too high for recoveries above that amount.

For example, for the recovery band between $1 billion and $2 billion, the district court used the fee percentage of 10%, with the result that Class Counsel will receive more fees for that band of recovery -- $100 million – than for any of the preceding bands. While this may make sense if this increment of recovery had been the hardest to obtain, that is certainly not true in the context of this case. For reasons set forth above, once the parties decided to establish a cash settlement fund for past damages, the amount had to be in the $5 billion to $10 billion range for the settlement to provide any recovery at all to class members.

13

Furthermore, Class Counsel increased the size of the fund by agreeing to release future claims possessed by the mandatory (b)(2) class, in order to maximize the cash available for a fee award. Thus, far from increasing the cash fund through superior litigation or hardnosed negotiation, the amount of the cash fund was partially a function of Class Counsel's breach of its duty to the 23(b)(2) class.

The district court's fee award has the perverse result of rewarding Class Counsel the most for its breaches of fiduciary duty in seeking to maximize the cash portion of the settlement at the expense of the (b)(2) class. For the recovery band between $2 billion and $4 billion, the district court awarded Class Counsel $160 million in fees, the highest amount for any of the bands and an amount equal to Class Counsel's lodestar. This would only make sense if the court had pointed to some litigation tactic or victory that had led to the increase of the settlement from $2 billion to $4 billion. But there is no such achievement to point to here, because the size of the settlement fund was a function of the size of the case, and the liquidation of the future claims. These are not things for which Class Counsel deserves credit.

The percentages selected by Judge Gleeson for the recovery bands above $1 billion are clearly excessive. For amounts above $1 billion, a

14

sophisticated client at the outset of the case would have agreed to a fee of no more than 4%, given the absolute certainty of a multi-billion dollar settlement once any cash settlement was agreed to. Using the more reasonable percentages of 4%, 3% and 2%, instead of Judge Gleeson's 10%, 8% and 6%, yields a fee of $316 million, or 5.54%. This number is far more in line with Judge Gleeson's prior megafund fee award, and makes sense in the context of this settlement, in which the recoveries above $1 billion were brought about by the sheer size of the class and Class Counsel's creative bifurcation of the class to wrest more value for the cash settlement at the expense of those with future claims. These maneuvers should not be rewarded by a $362 million windfall.[3]

---

[3] $362 million is the total amount of fees awarded by the district court for recovery above $1 billion.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should reverse the fee award and establish guidelines for the awarding of common fund fees in billion-dollar megafund settlements, as requested by the district court.  The Court should make clear that in cases in which class counsel's lodestar approaches or exceeds $100 millon, the lodestar-multiplier ranges considered typical or reasonable in smaller cases are not permissible, and provide unwarranted windfalls to class counsel.

Respectfully submitted,

*/s/ John J. Pentz*
John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
Fax: (978) 405-5161
jjpentz3@gmail.com

Attorney for Appellants
Unlimited Vacations and
Cruises Inc., Jill Bishop dba
Hat & Gown, Daviss Donuts
and Deli, Top Gun Wrecker,
and Orange County Building
Materials

Vincente Consulting, Inc.,
By Its Attorney,
*/s/Edward F. Siegel*

 Edward Siegel
7911 Countryside Dr. #139

16

Niwot Colorado 80305
Voice: 216-870-0295
Fax: 303-957-2289
efsiegel@hotmail.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains no more than 3500 words.

2.    This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)

because this brief has been prepared in a proportionally spaced

typeface using Microsoft Word 2007 in 14-point Times New Roman.

Dated: June 16, 2014

*/s/ John J. Pentz*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2014 I filed the foregoing Brief via the ECF filing system for the United States Court of Appeals for the Second Circuit, and that as a result each counsel of record received an electronic copy of this Brief on June 16, 2014.

*/s/ John J. Pentz*

# REQUIRED SHORT APPENDIX

Case 1:05-md-01720-JG-JO Document 6137-1 Filed 01/14/20 Page 1 of 29 PageID #: 72685

FILED
★ JAN 1 4 2014 ★
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
BROOKLYN OFFICE
05 md 1720

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

|  |  |  |
|---|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : | MDL No. 1720 (JG) (JO) |
|  | : | Civil No. 05-5075 (JG)(JO) |
|  | : |  |
| --------------------------------------------- | : |  |
|  | : |  |
| This Document Relates To: | : | FINAL JUDGMENT AWARDING ATTORNEYS' FEES |
|  | : |  |
| ALL ACTIONS. | : |  |

-------------------------------------------------x

RSA-1

This Court, having considered Class Plaintiffs' Joint Motion for Award of Attorneys' Fees, Expenses and Class Plaintiffs' Awards, having held a fairness hearing on September 12, 2013, having considered all of the submissions and arguments with respect to the motion, and having ruled on the motion, ORDERS as follows:

1.      The Court awards to Class Plaintiffs' counsel reasonable and appropriate attorneys' fees in the amount of $544,800,000.  The total amount of the award shall be paid to Class Counsel from the Net Cash Settlement Escrow Account.

2.      Class Counsel shall allocate the attorneys' fee award among all Class Plaintiffs' counsel based on their reasonable assessment of the relative contributions of such counsel to the prosecution of the case on behalf of the class.

3.      Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order.

4.      Finding that there is no just reason for delay, this Order shall constitute a final judgment pursuant to Federal Rule of Civil Procedure Rule 54(b). The Clerk of the Court is directed to enter this Order on the docket.

IT IS SO ORDERED.

DATED: ____1/14/14____

s/John Gleeson
_____
THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE

2

**RSA-2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IN RE PAYMENT CARD INTERCHANGE FEE                    05-md-1720 [JG]
AND MERCHANT DISCOUNT ANTITRUST LITIG.

------------------------------------------------------------------X

## NOTICE OF APPEAL

Class Members/Objectors Unlimited Vacations and Cruises. Inc. and Jill Bishop

d/b/a Hat & Gown hereby appeal to the United States Court of Appeals for the Second

Circuit from this Court's Memorandum and Order awarding attorneys' fees (Document

148 in 1:05-cv-3800) and its Final Judgment Awarding Attorneys' Fees (Document 6197

in 1:05-md-1720).


By their attorney,

*/s/ John J Pentz*
John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA  01776
Phone: (978) 261-5715
Fax: (978) 405-5161
jjpentz3@gmail.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the
ECF filing system of the USDC for the EDNY on January 27, 2014, and that as a result
electronic notice of the filing was served upon all attorneys of record.


*/s/ John J. Pentz*
John J. Pentz

RSA-3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IN RE PAYMENT CARD INTERCHANGE FEE                    05-md-1720 [JG]
AND MERCHANT DISCOUNT ANTITRUST LITIG.

------------------------------------------------------------------X

## NOTICE OF APPEAL

Class Members/Objectors Daviss Donuts and Deli, Top Gun Wrecker, and

Orange County Building Materials hereby appeal to the United States Court of Appeals

for the Second Circuit from this Court's Memorandum and Order awarding attorneys' fees

(Document 148 in 1:05-cv-3800) and its Final Judgment Awarding Attorneys' Fees

(Document 6197 in 1:05-md-1720).


By their attorney,

*/s/ John J Pentz*
John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA  01776
Phone: (978) 261-5715
Fax: (978) 405-5161
jjpentz3@gmail.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the
ECF filing system of the USDC for the EDNY on January 31, 2014, and that as a result
electronic notice of the filing was served upon all attorneys of record.


*/s/ John J. Pentz*
John J. Pentz

RSA-4